UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

3:07CV-00601-JDM

KEVIN CHASTAIN                                                          PLAINTIFF

LIBERTY MUTUAL FIRE INS. CO.                              INTERVENING PLAINTIFF

V.

CHRIS ANSMAN
VERLIN E. ELMORE                                                     DEFENDANTS

### MEMORANDUM OPINION

Defendant Verlin Elmore has filed a motion for summary judgment in which he asserts that plaintiff's claims against him are time barred pursuant to the applicable statute of limitation. Mr. Chastain asserts that the claims are not time barred, because they relate back to a timely third-party complaint filed by another defendant who has since been dismissed from this action on other grounds. For the reasons stated herein, the court will grant Mr. Elmore's motion for summary judgment.

**I.**

This case arises from a motor vehicle accident that happened on November 14, 2005. Pursuant to Kentucky Revised Statue 304.39-230(6), a lawsuit to recover damages from injuries sustained in a motor vehicle accident must be filed within two years of either the date of the accident, or the date of the last reparation payment issued to the plaintiff. The date of the last reparation payment issued to Mr. Chastain was October 31, 2006.

On April 13, 2007, Mr. Chastain filed suit in Jefferson Circuit Court against Chris Ansman and Chief Robert White of the Louisville Metro Police Department. Mr. Chastain did

not name Mr. Elmore as a defendant in his original complaint. A little over one month later, however, Chief White requested permission to file a third-party complaint against Mr. Elmore, and the Jefferson Circuit Court granted Chief White's request in an order entered May 22, 2007. That order deemed Chief White's tendered third-party complaint filed as of the same date. The summons regarding the third-party complaint was not issued until January 23, 2008, however, because the case was removed to this federal court on October 30, 2007.

For reasons unknown to the court, Mr. Chastain did not seek leave to amend his complaint to add claims directly against Mr. Elmore until December 28, 2008, over three years after the date of the accident and over two years after the date on which the last personal injury payment was issued to him. Although Mr. Chastain's request for leave to amend eventually was granted, the district court also concurrently granted Chief White's motion to dismiss, which extinguished Chief White's timely filed third-party claims against Mr. Elmore. Then, approximately a year after the summons issued on Mr. Chastain's amended complaint, Mr. Elmore moved for summary judgment and asserted that Mr. Chastain's claims against him are time barred.

For clarity, the timeline of events is as follows:

| DATE | EVENT |
| --- | --- |
| November 14, 2005 | Accident |
| October 31, 2006 | Date last personal injury payment issued |
| April 13, 2007 | Plaintiff files suit against Mr. Ansman and Chief White in state court |
| May 22, 2007 | Chief White files third-party complaint against Mr. Elmore |
| October 30, 2007 | Case removed to federal court |
| January 23, 2008 | Summons issued on Chief White's third-party |

| DATE | EVENT |
|---|---|
| | complaint against Mr. Elmore |
| September 17, 2008 | Chief White moves to dismiss the claims against him |
| **October 31, 2008** | **Last day of limitations period pursuant to Ky. Rev. Stat. 304.39-230** |
| December 8, 2008 | Plaintiff files motion to amend his complaint to include Mr. Elmore as a defendant |
| August 28, 2009 | District court grants Chief White's motion to dismiss |
| August 28, 2009 | District court grants plaintiff's motion to amend his complaint |
| November 16, 2009 | Summons issued on plaintiff's amended complaint against Verlin Elmore |
| November 15, 2010 | Mr. Elmore moves for summary judgment of plantiff's claims against him |

## II.

Kentucky Revised Statute 304.39-230(6) states that an action for tort liability arising out of a motor vehicle accident "may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." The statute does not contain any provision for relation back of otherwise untimely claims. By the statute's terms, then, and because Mr. Chastain received reparation benefits through October 31, 2006, the date on which the last such payment issued, he was required to assert an claims against Mr. Elmore no later than October 31, 2008.

Although one of the initial defendants, Chief White, filed a third-party complaint against Mr. Elmore on May 22, 2007, in which he clearly identified Mr. Elmore, his address for service of process, and his alleged role in the accident that caused Mr. Chastain's injuries (*i.e.,* not only

by instigating the police response that allegedly led to the accident, but also by hitting Mr. Chastain's vehicle as he fled from the police), Mr. Chastain did not immediately seek leave to amend his complaint to include Mr. Elmore as a defendant in the seventeen months following Chief White's third-party complaint and the running of the limitations period. Instead, he waited until a little over a month after the limitations period expired.

Faced with Mr. Elmore's motion for summary judgment, Mr. Chastain now asserts that his untimely claims against Mr. Elmore, should relate back pursuant to Federal Rule of Civil Procedure 15, to the date on which Mr. Elmore received notice of Chief White's timely filed third-party claims against him. There is one problem with his argument, however: the notice provision contained within Rule 15(c) applies only to amendments *changing* a party or the naming of a party, not adding a party. The Sixth Circuit has clearly and repeatedly held that Rule 15(c) does not authorize the relation back of an amendment *adding* a new party, but only permits relation back of an amendment that changes the party or the naming of the party against whom a claim had already been asserted because of a mistake, such as the correction of a misnomer or an incorrect description. *See, e.g., Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010). *See also Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996)(new parties may not be added after the statute of limitations has run because such amendments do not satisfy the "mistaken identity" requirement of Rule 15(c)); *In re Kent Holland Die Casting & Plating, Inc.,* 928 F.2d 1448, 1449 (6th Cir. 1991)( an amendment that *adds* a new party creates a new cause of action for which there is no relation back to the original filing for purpose of limitations).

In this case, there was no mistake regarding Mr. Elmore. His identity and asserted role in the accident at issue was well known to Mr. Chastain long before the limitations period expired.

Whether and, if so when, Mr. Elmore had actual or constructive notice of any potential claims that Mr. Chastain could have asserted against him in this litigation is of no moment. Those claims were filed outside the applicable limitations period established by a statute that does not permit relation back and are, therefore, time barred. Pursuant to Fed. R. Civ. P. 56(c), Mr. Elmore is entitled to judgment in his favor as a matter of law.

## III.

For the reasons stated herein, the court will enter a separate order granting Mr. Elmore's motion for summary judgment (docket no. 106) and dismissing Mr. Chastain's claims against him.

DATE:


copies to: counsel of record